IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| STEVEN S. BOCCHINO, | : | BANKRUPTCY NO.: 5-09-bk-01494-JJT |
| | : | |
| DEBTOR | : | |
| | : | |
| UNITED STATES SECURITIES AND | : | {**Nature of Proceeding**: Motion of the U.S. |
| EXCHANGE COMMISSION, | : | Securities and Exchange Commission for |
| | : | Entry of Summary Judgment (Doc. #9) and |
| PLAINTIFF | : | Debtor's Cross Motion for Summary |
| | : | Judgment (Doc. #19)} |
| vs. | : | |
| | : | |
| STEVEN S. BOCCHINO, | : | |
| | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-09-ap-00267-JJT** |

# <u>OPINION</u>[1]

Before the Court are Cross Motions for Summary Judgment to determine dischargeability

of default judgments obtained by the creditor, the United States Securities and Exchange

Commission ("SEC"), against the Debtor, Steven S. Bocchino ("Bocchino"). Bocchino was a

registered representative of three broker-dealers, (Debtor's Cross Motion at 1, ¶ 1), between July

1997 and February 1999, and due to his alleged conduct while working as a representative, was

sued for violation of the federal securities laws by the SEC in two District Court Actions, the

Goldman Action and the Nnebe Action. *Id.* During the course of litigation, Bocchino was

unable to pay counsel, and default judgments were entered against him. *Id.* ¶ 3.

On March 2, 2009, Bocchino filed for Chapter 13 bankruptcy. The SEC filed the instant

adversary proceeding on July 16, 2009.[2] The SEC argues the debt is nondischargeable under 11

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk, and Brianna Ford, Judicial Extern.

[2] At the hearing on May 11, 2010, (Doc. #28), the case was held in abeyance until the bankruptcy plan was consummated.

U.S.C. § 523(a)(2)(A) because the debt was the result of "money obtained by false pretenses, [and] false representation or actual fraud." (Doc. #10 at 3.) Not surprisingly, in his Cross Motion and Answer, Bocchino denies he obtained the money by false pretenses, false representations or actual fraud. (Doc. #19.) He further argues the default judgments were not based on any factual findings by a court, and therefore, he is not bound by the District Court judgments in this bankruptcy proceeding. *Id.*

Under Rule 56©) of the Federal Rules of Civil Procedure, summary judgment will not be granted if "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 9 L.Ed.2d 202 (1985). In determining summary judgment, the facts shall be determined from the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits. See *id.* at 247. Courts generally apply the common law definition of fraud and require intent, reliance, and material misrepresentations. See *Field v. Mans*, 516 U.S. 59, 68, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

The SEC has presented a very substantial record to support its detailed Complaint requesting the aforesaid two default judgments against Bocchino in the SEC actions be deemed nondischargeable in this bankruptcy. That support comes mainly through the Declaration of Patricia Schrage in Support of Motion for Entry of Summary Judgment Against Steven S. Bocchino (Doc. #12). Patricia Schrage is senior counsel for the SEC. Attached to the Declaration, *inter alia*, are the Amended Complaints against Bocchino in the SEC actions; a Report and Recommendation by the District Court Judge from the Southern District of New York following an inquest on damages after the entry of a default against Bocchino; the default judgments entered against Bocchino; and deposition testimony by Bocchino taken during the SEC litigation. For his part, Bocchino has denied each and every allegation of the underlying

adversary Complaint.

The entry of the default judgments certainly were detailed in their respective findings of fact and conclusions of law. A review of those findings reflect, however, that a majority of them are recitations of the allegations of the amended complaints filed by the SEC against Bocchino. Those findings of fact and conclusions of law were neither drawn from an answer by Bocchino to the amended complaints nor a consideration of any testimony from Bocchino under oath in either District Court Action. Bocchino, in both his answer to the adversary Complaint and his Brief in Support of the Motion for Summary Judgment, indicated that the SEC obtained default judgments against him because he could not afford the ongoing costs of defense representation in the SEC actions. The SEC argues the underlying default judgments have a collateral estoppel effect on the dischargeability Complaint pending before me.

Citing its earlier case of *Haize v. Hanover Insurance Co.*, 536 F.2d 576, 579 (3d Cir. 1976), the Third Circuit Court of Appeals discussed the doctrine of collateral estoppel as follows:

> Restatement of Judgments § 68(1) (1942) states:
>
> Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . . .
>
> Thus, there are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) That issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

*In the Matter of McMillan*, 579 F.2d 289, 291-292 (3d Cir. 1978).

Providing yet further instruction on collateral estoppel, the *McMillan* Court wrote:

> The theory underlying the doctrine of collateral estoppel, as well as res

> judicata, is that, as between the parties and their privies, an issue need and should
> be judicially determined only once. Where the bankrupt or his trustee has
> actually litigated a suit prior to the determination of factually related issues in
> bankruptcy court, the collateral estoppel principle should and does apply in
> accordance with the requirements of *Haize*, supra. However, the preponderant
> view is that preferred by the Restatement, especially in comments d and e to
> Section 68 (1942): a default judgment has no collateral estoppel effect.

*In the Matter of McMillan*, 579 F.2d at 292-293.

The *McMillan* Court indicated all the creditor presented to establish his *prima facie* case

that his claim was nondischargeable was an introduction into evidence of only the state court

record and the default judgment. The Circuit held that because the debtors did not "actually

litigate," not enough facts were presented to collaterally estop the debtor from relitigating the

issues in the bankruptcy case.

Years later, the Third Circuit Court of Appeals again revisited the issue of the application

of collateral estoppel to an earlier obtained default judgment which was being requested to be

found nondischargeable in a subsequent bankruptcy proceeding. In the case of *Wolstein v.*

*Docteroff (In re Docteroff),* 133 F.3d 210 (3d Cir. 1997), the Court was presented with an issue

of whether a default judgment that had been entered against the defendant in an earlier fraud

action as a sanction to that defendant's repeated and bad faith refusals to comply with discovery

requests collaterally estopped the debtor/defendant from claiming the underlying debt from the

judgment was dischargeable in bankruptcy. The debtor in the *Docteroff* case, as in *McMillan*

and the instant case, asserted he did not actually litigate issues in the previous lawsuit because

the judgment was not a determination on the merits. The *Docteroff* Court rejected the position

taken by the debtor [Docteroff] indicating the debtor had every opportunity to fully and fairly

litigate the relevant issues but because of the debtor's actions, he deliberately prevented

resolution on the merits of the underlying fraud action. Under those circumstances, the Court

indicated it would not hesitate to hold the debtor was deemed to have actually litigated an issue

for purposes of collateral estoppel application.  The Court further noted "[t]his is not a typical default judgment where a defendant neglects or elects not to participate in any manner because of the inconvenience of the forum selected by the plaintiffs, the expense associated with defending the lawsuit, or some other reason."  *Id*. at 215 *citing In re Bush*, 62 F.3d 1319, 1324 (11th Cir. 1995); 18 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 4442, at 375 & n.3 (1981).

The present record indicates there was some participation by Bocchino in the underlying SEC actions.  See Debtor's Cross Motion and Answer to Motion for Summary Judgment, Doc. #19 ¶ 3; Reply of U.S. Securities and Exchange Commission to Debtor's Cross Motion and Answer to Motion for Summary Judgment, Doc. #21 at 7; and Brief in Support of Debtor's Cross Motion and Answer to Motion for Summary Judgment, Doc. #26 ¶ IV.B.  He did minimally attend several depositions, and he alleges he incurred approximately $80,000.00 of legal expenses of which he paid $40,000.00 of those expenses.  He further alleges his inability to finance his defense of the SEC complaints resulted in default judgments being entered against him.  The record is devoid of any evidence that Bocchino deliberately prevented litigation of the merits as outlined by the Third Circuit in the *Wolstein v. Docteroff* case.  Paying heed to the clear and unequivocal instructions from the Third Circuit in the *McMillan* and *Docteroff* cases, I find, for purposes of collateral estoppel, Bocchino will not be precluded from litigating the issues raised by the SEC in the above-captioned dischargeability Complaint.  It is for that reason the Motion for Summary Judgment filed by the SEC is denied.

Furthermore, the arguments provided by Bocchino in support of his Motion for Summary Judgment are simply denials of the allegations of the dischargeability Complaint filed by the SEC, and therefore, Bocchino's Cross Motion for Summary Judgment will also be denied.

Also presented by the Cross Motions for Summary Judgment is the issue of whether the

allegations of the SEC complaints adequately pled all the substantive elements required to find a debt nondischargeable under 11 U.S.C. § 523(a)(2). I find the Complaint sufficiently pleads all the elements of 11 U.S.C. § 523(a)(2) required to put the issue before the Court at trial.

My Order will follow.

By the Court,

Date: October 25, 2012

John J. Thomas, Bankruptcy Judge

(CMS)